IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON FETTER § | |
|     Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 4:13-cv-2171 |
| § | |
| MAERSK LINE, LIMITED § | |
|     Defendant. § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

**PLEASE TAKE NOTICE** that Defendant, Maersk Line, Limited (hereinafter "MLL" or "Defendant"), files this Notice of Removal of this action from the 133rd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, the District and Division encompassing the place where the state court is located.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446; and, in the alternative, 28 U.S.C. § 1333.  In support thereof, MLL would respectfully show this Court as follows:

### I.
### INTRODUCTION

1.   On June 11, 2013, Plaintiff Jason Fetter (hereinafter "Fetter") commenced an action against MLL in the 133rd Judicial District Court of Harris County, Texas, entitled "*Jason Fetter v. Maersk Line, Limited*" (hereinafter the "Original Petition") pending as Cause No. 2013-34787 (the "State Court Action").  MLL received Fetter's Original Petition by delivery to its registered agent on June 28, 2013.

2.   Accordingly, this Notice of Removal is timely filed under Section 1446(b) of Title 28 of the United States Code because MLL received Fetter's Original Petition on or about

June 28, 2013.  This Notice of Removal is filed within 30 days of receipt of Fetter's Original Petition and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served, even if the complaint is received at a prior date).

## II.
## FACTUAL BACKGROUND

3. On or about October 9, 2012, Fetter was working aboard the M/V MAERSK MONTANA (hereinafter the "MONTANA"), which is owned, operated, and/or managed by MLL. (*See* **Exhibit A**, Plaintiff's Original Petition at ¶ 6).  At the time of the alleged incident, the vessel was deployed on navigable waters. (*Id.*).

4. In his Petition, Fetter alleges he was "working on the engine [of the MONTANA] with others when a chain snapped, recoiled and violently struck [his] face, neck, and shoulder." (*Id.*).  Fetter alleges he suffered injuries to "his face (including multiple fractures, a large laceration, and permanent nerve damage), neck, and shoulder, and other parts of his body" as a result of the alleged incident.

5. Fetter alleges negligence and negligence *per se* of MLL and unseaworthiness of the MONTANA. (*Id.* at ¶¶ 7-8).  Fetter alleges his causes of action arise under the common law of Texas and the general maritime law. (*Id.* at ¶ 9).

6. Fetter resides in the State of New York. (*Id.* at ¶ 4).

7. MLL is a Delaware corporation. (*Id.* at ¶ 5).  MLL's principal place of business, main office, and "nerve center" is located at One Commercial Place, Norfolk, Virginia 23510. (**Exhibit B,** Declaration of Lina Fennig).

## III.
## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

8. This case is removable because Fetter and MLL are from different states, there is complete diversity of citizenship, the amount in controversy is greater than $75,000, exclusive of interests and costs, and MLL is not a citizen of the State of Texas. 28 U.S.C. §§ 1332(a); 1441(b)(2). This Court would have had subject matter jurisdiction over this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. § 1441(b).

9. To be sure, diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interests and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332. As long as none "of the parties in interest properly joined as defendants is a citizen of the State in which such action is brought", the action may be removed. 28 U.S.C. § 1441(b). Because both of the requirements for subject matter jurisdiction are met in this case, and MLL is not a citizen of the State of Texas, removal is proper.

A.  **The Amount in Controversy Exceeds $75,000**

10. The amount in controversy in this action exceeds $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a). By order dated February 12, 2013 (effective March 1, 2013), Texas Rule of Civil Procedure 47(b), which addresses specificity of pleading claims for relief, was amended to require a more specific statement of the relief sought by a party. *See* TEX. R. CIV. P. 47(b); *Mumfrey v. CVS Pharmacy, Inc.*, --- F.3d ---, 2013 WL 2476402, at *4 n.9 (5th Cir. June 10, 2013) (electronically published cases are attached as **Exhibit C**). Although Fetter failed to comply with the amended text of Rule 47[1], which now

---

[1] Because Fetter filed his Original Petition and Jury Demand on June 11, 2013, it falls within the ambit of revised Rule 47, which went into effect on March 1, 2013. *See* Tex. Sup. Ct. Order, Misc. Docket No. 13-9022 (eff. Mar. 1,

requires a party to identify the quantum of relief requested in the body of its original petition, the damages sought by Fetter make clear he seeks relief greater than the jurisdictional minimum of this Court.

11.     Fetter claims in his Original Petition that he was injured after being struck by a chain while working aboard the MONTANA "[w]hile the vessel was deployed on navigable waters." (**Exhibit A**, at ¶ 6).  Specifically, Fetter alleges he suffered injuries to "his face (including multiple fractures, a large laceration, and permanent nerve damage), neck, and shoulder, and other parts of his body" as a result of the alleged incident. (*Id.* at ¶ 6).  "As a result of… [the alleged] occurrences," Fetter claims he has "sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems." (*Id.* at ¶ 9).  He allegedly "has sustained severe pain, physical impairment, discomfort, mental anguish, and distress." (*Id.*).  "In all reasonable probability," it is alleged that Fetter's "physical pain, physical impairment and mental anguish will continue indefinitely." (*Id.*).  Fetter also claims "a loss of earnings in the past, as well as a loss of future earning capacity." (*Id.*).  He also alleges he "has incurred and will incur pharmaceutical and medical expenses in connection with his injuries." (*Id.*).  In sum, Fetter claims, he "has been damaged in a sum far in excess of the minimum jurisdictional limits of the" Texas state court. (*Id.*).

12.     When it is "facially apparent" from a plaintiff's petition that the claimed damages exceed $75,000, removal is proper, even if the plaintiff fails to specifically plead the amount of relief requested. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  In *Gebbia*, the Fifth Circuit affirmed the denial of a motion to remand to Louisiana state court where the plaintiff sought damages for "medical expenses, physical pain and suffering, mental

---

2013).  Fetter additionally failed to comply with the new rules by filing an incorrect Civil Case Information Sheet. (**Exhibit D**, State Court Action Civil Case Information Sheet).

59069:30012492                                    4

anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanaent disability and disfigurement." *Id.* Although the amount of damages sought was not specifically pleaded, it was "facially apparent" that the original petition claimed damages in excess of the jurisdictional minimum. *Id.* Accordingly, this Court may find the jurisdictional requirement is met because it is "facially apparent" that the damages and injuries alleged in Fetter's Original Petition exceed the $75,000 jurisdictional minimum of this Court.

B.      **Diversity of Citizenship Exists**

13.     There is complete diversity between the parties. At the time Fetter filed his Original Petition, and at the time of removal, Fetter was and is a resident citizen of the State of New York. (**Exhibit A**, at ¶ 4). For purposes of diversity, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

14.     At the time Fetter filed his Original Petition, and at the time of removal, MLL was and is a Delaware corporation with its headquarters and principal place of business in Norfolk, Virginia. (*See* **Exhibit A**, at ¶ 5; **Exhibit B**); 28 U.S.C. § 1332(c) (discussing that a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business). A corporation's principal place of business is the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). This place is often referred to as the corporation's "nerve center". *Id.* The nerve center will usually be the state where the corporation has its headquarters. *Id.* Accordingly, MLL is a citizen of the states of Delaware and Virginia for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c).

### C. No Bar to Removal

15. Fetter did not allege any claims arising under the Jones Act. Accordingly, he cannot claim the statutory bar to removal contained in the Jones Act, and there is no other impediment to removal.

16. To the extent Fetter's claims are construed to state a cause of action under the Jones Act, which is denied, there is no basis for the allegation of Jones Act status. Any such allegation would be for the purpose of preventing removal, but a Jones Act case may be removed when the allegations are made merely in an attempt to frustrate federal jurisdiction. *Holmes v. Atl. Sounding Co.*, 437 F.3d 441, 445 (5th Cir. 2006); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175-76 (5th Cir. 1995); *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). To be sure, Fetter cannot satisfy the test laid down in *Chandris v. Latsis*, 515 U.S. 347, 368 (1995), to qualify as a seaman—a necessary predicate to maintain a cause of action under the Jones Act. *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345-46 (5th Cir. 1999).

17. Because Fetter has not alleged, and regardless, could not maintain any cause of action under the Jones Act because Fetter is not a seaman, the statutory bar to removal contained in the Jones Act is inapplicable.

18. Furthermore, because MLL is not a citizen of the State of Texas, *see supra* ¶¶ 7, 14, no statutory bar to removal exists pursuant to 28 U.S.C. § 1441(b)(2). No other statutory bar to removal is implicated by Fetter's Original Petition.

### IV.
### ALTERNATE BASIS FOR REMOVAL – ADMIRALTY JURISDICTION

19. Subject to, and without waiving the foregoing basis for removal, and in the alternative, this Court has original jurisdiction over Fetter's claims against MLL pursuant to admiralty and maritime law. *See* 28 U.S.C. §1333(1). Even if MLL is a citizen of the state of

Texas, which is denied, this case is still removable. *Id.*; *see also Ryan v. Hercules Offshore, Inc.*, --- F. Supp. 2d ---, 2013 WL 1967315, at *1 (S.D. Tex. May 13, 2013) (**Exhibit C**); *Wells v. Abe's Boat Rentals Inc.*, 2013 WL 3110322, at *2-4 (S.D. Tex. June 18, 2013) (slip copy) (**Exhibit C**).

A.  **This Court has Original Jurisdiction Over Fetter's Claims**

20.  As shown above, Fetter brings a claim for an alleged maritime tort occurring on navigable waters and having a substantial relationship to a traditional maritime activity. *See supra* ¶¶ 3-5. Federal admiralty jurisdiction flows from the Constitution, which extends federal judicial power "to all cases of admiralty and maritime jurisdiction." *Roth v. Kiewit Offshore Servs.*, 625 F. Supp. 2d 376, 383 (S.D. Tex. 2008) (citing U.S. Const., art. III, § 2). Congress gave the district courts original jurisdiction over any civil case of admiralty and maritime jurisdiction. *See* 28 U.S.C. 1333(1); *see also Roth*, 625 F. Supp. at 383; *Ryan*, --- F. Supp. 2d ---, 2013 WL 1967315, at *1; *Abe's Boat*, 2013 WL 3110322, at *2-4. Fetter's allegations entail alleged acts of negligence and unseaworthiness on a "vessel [while] deployed on navigable waters". (*See* **Exhibit A**, at ¶ 6); *see also supra* ¶¶ 3-5. Fetter further admits his causes of action are based in the general maritime law. (**Exhibit A**, at ¶ 1). The federal district courts accordingly have original jurisdiction over his the claims in this suit.

B.  **This Action Can Be Removed Because the District Court Has Original Jurisdiction and There is No Impediment to Removal**

21.  The removal of claims is permitted when the United States District Courts have original jurisdiction and removal is not otherwise prohibited by Act of Congress. *See* 28 U.S.C. § 1441(a).

22.  Because Plaintiff has no claim under the Jones Act or other allegations that might entail a statutory bar to removal, and because this Court has original jurisdiction over all of the

59069:30012492

7

claims raised, this suit is properly removed pursuant to 28 U.S.C. § 1441(a). *See Ryan v.*, --- F.Supp.2d ---, 2013 WL 1967315, at *6 (concluding that Plaintiff's motion to remand must be denied because "all of Plaintiff's claims are admiralty claims over which a federal district court has original jurisdiction and the revised removal statute does not limit removal of these claims…."); *Abe's Boat*, 2013 WL 3110322, at *3 ("The *Ryan* court's analysis of the effect of the amended version of the removal statute is consistent with the case law analyzed. If the claims… are viewed as general maritime claims, they are removable.").

## V.
## ADDITIONAL PROCEDURAL MATTERS

### A.     Proper Federal District Court

23.    The 133rd Judicial District Court of Harris County, Texas is located within the Southern District of Texas, Houston Division. Consequently, pursuant to 28 U.S.C. § 1441, this action is properly removed to this Court.

### B.     State Court Documents Attached

24.    This Notice of Removal is accompanied by the following documents:

i.   All executed process in this case (**Exhibit E-1**);

ii.  All pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (**Exhibit E**-2);

iii. The state court docket sheet (**Exhibit E**-3);

iv.  An index of matters being filed (**Exhibit E**-4); and

v.   A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit **Exhibit E**-5).

### C.     Consent of All Defendants

25.    MLL consents to removal; MLL is the only defendant in this case.

**D.     Notice**

26.     Upon filing this Notice of Removal, MLL will provide written notification to Fetter and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk for the 133rd Judicial District Court of Harris County, Texas.

**E.     Jury Demand**

27.     Fetter has made a jury demand in state court.

## V.
## PRAYER

For the foregoing reasons, Defendant Maersk Line, Limited prays that this action against it, pending in the 133rd Judicial District Court of Harris County, Texas and bearing civil action number 2013-34787, be removed forthwith to this Honorable Court.

Respectfully submitted,

By: /S/ James Patrick Cooney
James Patrick Cooney
Attorney-in-Charge
State Bar No. 04770000
Federal Bar No. 2826
Jay T. Huffman
State Bar No. 24059980
Federal Bar No. 870092
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, Texas 77002
(713) 224-8380 - Telephone
(713) 225-9945 - Facsimile

**ATTORNEYS FOR DEFENDANT,
MAERSK LINE, LIMITED**

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 25th day of July, 2013, a true and correct copy of the foregoing was served upon all counsel of record as listed below via the means indicated below, as follows:

<u>***VIA FACSIMILE:** (713) 222-3850*</u>
Caj D. Boatwright
Michael Pierce
Ryan Grant
ARNOLD & ITKIN, LLP.
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, TX 77010
*Attorneys for Plaintiff*

    */S/ Jay T. Huffman*
    OF ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.