NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON FETTER

    *Plaintiff*,

v.

MAERSK LINE, LIMITED and 3MC MOBILE & MECHANICAL REPAIR LLC

    *Defendants*.

Civil No.: 2:14-cv-02108 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

Before the Court is a motion (D.E. 77) filed by Maersk Line, Limited ("Maersk") seeking reconsideration of this Court's decision (D.E. 74) denying Maersk's motion for summary judgment (D.E. 61) that it is immunized from liability on plaintiff Jason Fetter's negligence claims pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*. ("LHWCA"). Specifically, the Court found that genuine issues of facts exist as to whether Maersk was Fetter's employer under the LHWCA at the time of his injury, precluding summary judgment in Maersk's favor. *See* Opinion (D.E. 74), at p. 6.

New Jersey Local Civil Rule 7.1(i) permits a litigant to seek reconsideration of a prior decision. The commentary to the Rule states:

> There is no express provision in the Federal Rules of Civil Procedure for reconsideration of a judicial decision. The closest federal rule in Fed. R. Civ. P. 59(e), which allows a court to "alter or amend" a judgment. In this district, however, L. Civ. R. 7.1(i) creates a specific procedure by which a party may, within 14 days of entry of an order, ask either a District Judge or a Magistrate Judge to take a second look at any decision "upon a showing that

> dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."

L. Civ. R. 7.1, cmt. 6 (citations omitted).

Such a motion is intended to "correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.* 602 F.3d 237, 251 (3d Cir. 2010) (internal quotations and citation omitted). The standard is high; reconsideration is not an opportunity for a party to "relitigate the case." *OR v. Hunter*, 576 F. App'x 106, 110 (3d Cir. 2014). A motion for reconsideration is not an alternative to the appellate process, and a motion that merely raises "a difference of opinion with the court's decision" must be denied. *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A party demanding reconsideration must establish one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the initial motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176, F.3d 669, 677 (3d Cir. 1999). Maersk argues that the Court's decision rested on a clear error of law, specifically that the Court overlooked Third Circuit precedent applicable to employment status and misapplied the summary judgment standard. The Court disagrees.

With respect to Fetter's employment status, the Court cited *Matute v. Lloyd Bermuda Lines, Ltd.*, 931 F.2d 231, 236 (3d Cir. 1991) for the proposition that "[t]he existence of an employer-employee relationship is a question of fact[.]" Maersk argues that, by doing so, the Court overlooked the Third Circuit's holding in *Evans v. United Arab Shipping Co. S.A.G.*, 4 F.3d 207, 213 (3d Cir. 1993) that "employer-employee status is sometimes, as here [in the context of the Jones Act], a mixed question of law and fact." Even if Fetter's employment status is a mixed question of law and fact, the Court must still deny summary judgment where issues of

fact remain. *See* Fed. R. Civ. P. 56 (summary judgment is warranted where the moving party demonstrates that "there is no genuine dispute as to any material fact").

*Matute* held that the "critical inquiry [regarding employment status] turns on the degree of control exercised over the crewman[,]" and that factors indicating control include payment, direction, supervision, and the power to hire and fire. *Id.* Seeking reconsideration, Maersk argues that the Court had no discretion to deny summary judgment in light of undisputed facts that 3MC did not pay Fetter and did not have the power to hire and fire him. *See* Maersk's Moving Br. (D.E. 77-2), at p. 2. However, the Court explained:

> [T]he facts Maersk relies on, including how Fetter came to get the job, and which entity was paying him, must be evaluated alongside other evidence showing that when Fetter arrived at the ship, he reported to 3MC employee Higgs, who directed him to remove the stuck injector, and whose job it was to supervise him in the completion of the task that ultimately resulted in his injury.

Opinion (D.E. 74), at p. 6. Thus, even if the *Matute* factors of payment and power to hire and fire militate in favor of Maersk as employer, a reasonable jury could find that the factors of direction and supervision militate in favor of 3MC. *See Sgro v. Bloomberg L.P.*, 331 F. Appx. 932, 937 (3d Cir. 2009) (the Court must "view the evidence in the light most favorable to [the nonmoving party] and draw all justifiable, reasonable inferences in [his] favor") (citation omitted).

The Court finds that there was no clear error in its application of the summary judgment standard to Third Circuit precedent governing the issue of Fetter's employment status. Maersk is not entitled to judgment as a matter of law on this record, and its motion for reconsideration (D.E. 74) is denied.

An accompanying Order will be filed.

                                                  s/ Katharine S. Hayden
                                                  Katharine S. Hayden, U.S.D.J.

Dated: September 27, 2017